IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Cr. No. 3:07-323 |
| vs. ) | |
| ) | |
| Michael Heriot, ) | **O R D E R** |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant Michael Heriot was indicted on March 21, 2007 on a violation of 18 U.S.C. § 2250(a), which provides that:

> Whoever–
> (1) is required to register under the Sex Offender Registration and Notification Act;
>
> (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
>
> (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
>
> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
>
> shall be fined under this title or imprisoned not more than 10 years, or both.

The government alleges that on or about October 10, 2006, Defendant traveled in interstate commerce and knowingly failed to register and update a registration in South Carolina.

This matter is before the court on Defendant's motion to dismiss indictment, which motion was filed on June 28, 2007. The United States filed a response in opposition to the motion on July 16, 2007. The matter came before the court for a hearing on July 19, 2007. The court concludes that the motion to dismiss indictment should be granted.

I. FACTS

Defendant was convicted of a sex offense in 1989 and served a sentence in custody of the South Carolina Department of Corrections. Defendant registered as a sex offender prior to his release in accordance with S.C. Code Ann. § 23-3-40, et seq., and each year thereafter in his home county, Sumter County, South Carolina, as mandated.

On June 1, 2006, Defendant gave notice to Sumter County law enforcement authorities that he was moving to Jacksonville, Florida. Defendant registered as a sex offender with Florida authorities on June 5, 2006. According to Defendant, he left Florida on June 7, 2006 because he was turned out of his lodging at a Salvation Army shelter. Defendant traveled to Virginia where he stayed with relatives for several weeks before returning to South Carolina. According to Defendant, he has remained in South Carolina since at least June 30, 2006, although the United States disputes this fact. In any event, Defendant renewed his South Carolina driver's license on September 29, 2006 and included a new address for his residence. Defendant re-registered as a sex offender in Sumter County, South Carolina on March 7, 2007.

II. DISCUSSION

The indictment charges Defendant for violating the Sex Offender Registration and Notification Act (SORNA or "the Act"), codified at 42 U.S.C. § 16901 et seq. SORNA requires sex offenders to register and keep registration current in each jurisdiction where the offender resides, is employed, or is a student. Id. § 16913(a). A sex offender who travels in interstate commerce and fails to change or update his registration is subject to federal criminal penalties of up to ten years imprisonment. 18 U.S.C. § 2250(a).

SORNA became effective on July 27, 2006. SORNA specifically provided that the Attorney General "shall have the authority to specify the applicability of the requirements of this title to sex offenders convicted before the enactment of this Act . . . ." 42 U.S.C. § 16913(d). On February 28, 2007, the Attorney General issued an interim rule concluding that SORNA applies to sex offenders convicted before enactment of the Act of an offense for which registration is required. See 72 Fed. Reg. 8894-01. The Attorney General's decision now is codified at 28 C.F.R. § 72.3. Thus, between the effective date of SORNA, July 27, 2006, and the effective date of the Attorney General's interim order, February 28, 2007, sex offenders who had been convicted prior to July 27, 2006 were not subject to the registration requirements of the Act.

Defendant traveled in interstate commerce in June 2006. Defendant is indicted for failing to register or update his registration in South Carolina on or about October 10, 2006. Neither at the time Defendant traveled in interstate commerce nor at the time of the offense alleged was Defendant under a federal obligation to register as a sex offender as required by SORNA. This obligation did not arise until February 28, 2007, when the Attorney General determined that sex offenders who had been convicted prior to July 27, 2006 were subject to the provisions of the Act. Because SORNA by its own terms did not apply to Defendant until February 28, 2007, the indictment must be dismissed. Accord United States v. Smith, Cr. No. 2:07-0082, 2007 WL 1724329 (S.D.W. Va. June 13, 2007) (conduct charged in the indictment as occurring on November 24, 2006 did not fall under the Act because the interim rule had not yet been promulgated by the Attorney General).

The court declines to address the constitutional challenges asserted by Defendant. See Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. & Constr. Trades Council, 485 U.S. 568, 575 (1988) (citing NLRB v. Catholic Bishop of Chicago, 440 U.S. 490, 499-501 (1979) ("where an

otherwise acceptable construction of a statute would raise serious constitutional problems, the Court will construe the statute to avoid such problems unless such construction is plainly contrary to the intent of Congress").

### III.  CONCLUSION

For the reasons stated, Defendant's motion to dismiss the indictment (Entry 38) is **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

July 27, 2007